RECORD NO. 13-4250

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**DIANE CONWAY HUTCHISON,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE

---

**BRIEF OF APPELLANT**

---

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**Joshua B. Carpenter**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**
**One Page Avenue, Suite 210**
**Asheville, North Carolina  28801**
**(828) 232-9992**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

JURISDICTIONAL STATEMENT .................................................................... 1

STATEMENT OF THE ISSUE ........................................................................... 1

STATEMENT OF THE CASE ............................................................................ 1

STATEMENT OF FACTS .................................................................................. 2

SUMMARY OF ARGUMENT ........................................................................... 5

STANDARD OF REVIEW ................................................................................. 5

ARGUMENT ....................................................................................................... 6

    I.    The District Court's Upward Departure Was
          Procedurally And Substantively Unreasonable ..................... 6

CONCLUSION .................................................................................................... 8

REQUEST FOR ORAL ARGUMENT ............................................................... 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Freeman v. United States,*
    131 S. Ct. 2685 (2011) .................................................................................... 6

*Gall v. United States,*
    552 U.S. 38 (2007) .................................................................................... 5, 6

*United States v. Irey,*
    612 F.3d 1160 (11th Cir. 2010) ....................................................................... 8

*United States v. Lynn,*
    592 F.3d 572 (4th Cir. 2010) ................................................................. 5, 6, 7

**STATUTES**

18 U.S.C. § 1343 ................................................................................................. 1, 2

18 U.S.C. § 3231 .................................................................................................... 1

18 U.S.C. § 3553(a) ............................................................................................... 5

18 U.S.C. § 3742 .................................................................................................... 1

28 U.S.C. § 1291 .................................................................................................... 1

**GUIDELINES**

U.S.S.G. § 4A1.3 ........................................................................................ *passim*

U.S.S.G. § 4A1.3(a)(1) .......................................................................................... 6

## JURISDICTIONAL STATEMENT

The United States District Court for the Western District of North Carolina had jurisdiction over this criminal case under 18 U.S.C. § 3231. The district court entered a final judgment on April 3, 2013. JA 77. Hutchison timely appealed on that same day. JA 84. This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Was the district court's upward departure under U.S.S.G. § 4A1.3 procedurally and substantively reasonable?

## STATEMENT OF THE CASE

On January 10, 2012, Diane Conway Hutchison was charged in a Bill of Information in the Western District of North Carolina with a single count of wire fraud in violation of 18 U.S.C. § 1343. JA 7. Hutchison pled guilty on January 30, 2012. JA 8-39.

On March 21, 2013, the district court (Reidinger, J.) conducted a sentencing hearing at which it determined that Hutchison was subject to an advisory Guidelines range of 12 to 18 months in prison. JA 60-61. The court then departed upward under U.S.S.G. § 4A1.3 and imposed a 21-month sentence. JA 70-75. The district court entered its judgment

on April 3, 2013. JA 77. Hutchison timely appealed on April 3, 2013. JA 84.

## STATEMENT OF FACTS

Hutchison was employed from January 2004 until June 2009 as the office manager at the Center for Occupational Rehabilitation, LLC ("COR") in Asheville, North Carolina. During this time, Hutchison embezzled funds from COR totaling $54,160.10.

Hutchison's embezzlement scheme eventually unraveled, and she pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. JA 7, 8-39. Following her plea, the probation officer prepared a presentence investigation report, which calculated an offense level of 13 and a criminal history category of one. JA 94, 98, 102. These calculations yielded an advisory guidelines range of 12 to 18 months in prison. JA 102. The probation officer further concluded that the case did not present any circumstances that warranted a variance or departure from the guidelines range. JA 102.

The district court conducted a sentencing hearing on March 21, 2013. JA 50-76. During the hearing, the court noted that Hutchison's record included "three fairly serious felony embezzlement

2

convictions . . . with one of those constituting a five count conviction." JA 58-59. In light of that, the court asked the parties whether her record "is commiserate with . . . a criminal history category of one." JA 59.

In response, Hutchison's counsel clarified that the prior convictions were based on a single course of conduct involving a single victim. Accordingly, counsel argued that the court should view the separate counts as a single offense. JA 59-60. In addition, counsel argued that the convictions should carry little weight in the court's analysis because they were nearly 15 years old. JA 59-60, 61.

The district court also requested argument on the appropriate sentence for Hutchison's offense. JA 61. Hutchison argued that she fell within Zone C of the sentencing guidelines, under which a split sentence had been authorized even under the pre-*Booker* mandatory guidelines. JA 61. As a result, she requested a split sentence with a short term of imprisonment to be followed by a lengthier period of home confinement. JA 63. This sentence, she argued, would enable her to care for her ailing husband, while also working to earn money needed to

pay restitution to the victim of her offense. JA 61-65. The government, by contrast, sought a "substantial term of incarceration." JA 65.

Following argument, the district court departed upward to a sentence of 21 months in prison. JA 70. It also ordered Hutchison to pay restitution in the amount of $68,089.21. JA 73. The court noted that "several factors" informed its sentencing decision, including the "seriousness of the offense." JA 71. But the court clarified that its decision to sentence above the advisory range was based on a departure under § 4A1.3:

> This sentence is above the high end of the guideline range in this case, but it is because of my departing upward under [§ 4A1.3] and it was – is within the guideline range if I depart upward by one criminal history category. This is my reasoning behind the sentence I have imposed in this case.

JA 72; *see also* JA 107. The court provided the following rationale for the departure:

> [W]hat I see in this case is someone with seven felony convictions for embezzlement. Embezzlement is abusing the trust, stealing from the people who trusted you. This offense is very much of the same nature as that. It shows me that this defendant, having been given repeated opportunities, simply did not get the message . . . .

JA 71.

Hutchison now appeals.

4

## SUMMARY OF ARGUMENT

The district court's upward departure was procedurally and substantively unreasonable. Procedurally, the district court erred under this Court's decision in *United States v. Lynn*, 592 F.3d 572, 585 (4th Cir. 2010), by failing to address Hutchison's arguments against the departure. Substantively, the rationale for the court's departure—that Hutchison's criminal history demonstrates that she's been given "repeated opportunities" to rehabilitate—is not factually accurate. Because her prior embezzlement convictions arose from a single course of conduct and were sentenced on the same day, the court was wrong to suggest that she racked up seven convictions by repeatedly failing to rehabilitate. Accordingly, there was no basis for an upward departure under § 4A1.3.

## STANDARD OF REVIEW

This Court reviews a criminal sentence for reasonableness, applying an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The Court must first determine whether the district court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the

5

Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* If the Court determines that a sentence is procedurally sound, it then reviews for substantive reasonableness. *Gall*, 552 U.S. at 51. In considering the substantive reasonableness of a criminal sentence, the advisory Guidelines range "provide[s] a framework or starting point . . . for the judge's exercise of discretion." *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011).

## ARGUMENT

**I.    The District Court's Upward Departure Was Procedurally And Substantively Unreasonable.**

The federal sentencing guidelines permit district courts to impose an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1).

The district court's decision to depart upward under § 4A1.3 in this case was procedurally erroneous. In *United States v. Lynn*, this Court held that the sentencing court committed procedural error by,

6

among other things, not addressing Tucker's "nonfrivolous" arguments for a within-Guidelines sentence. 592 F.3d 572, 581 (4th Cir. 2010). In *Lynn*, the sentencing court gave notice that it was considering a § 4A1.3 upward departure based on Tucker's criminal history, but it then failed to address Tucker's arguments against the departure. *Id.* at 580-82.

Similarly, here, the district court did not acknowledge or address Hutchison's arguments against a § 4A1.3 departure. Hutchison argued that the prior embezzlement convictions were old and should be viewed as a single offense, since they arose from one continuous course of conduct and involved only one victim. JA 59-60; *see also* JA 96-97 (summary of prior offenses in presentence report). Yet in departing upward under § 4A1.3, the district court never acknowledged or addressed these arguments. Its failure to do so was a procedural error under *Lynn* and warrants a remand for resentencing. *See Lynn*, 592 F.3d at 582 (remanding for resentencing based on procedural error).

Aside from the procedural error, the district court's conclusion that Hutchison's criminal history warranted a § 4A1.3 departure was substantively unreasonable. The court reasoned that Hutchison's seven prior embezzlement convictions indicated she had been given "repeated

7

opportunities" but "did not get the message." JA 71. But this reliance on Hutchison's "repeated opportunities" for rehabilitation is fatally flawed. Her seven convictions arose from one continuous course of conduct and were resolved simultaneously. JA 96-97. As such, each conviction did not represent an "opportunity" for her to rehabilitate. Only by failing to recognize this fact could the district court conclude that the Guidelines under-represented the seriousness of Hutchison's criminal history. In other words, if the court had accounted for the relatedness of the seven prior convictions, it would have had no basis for concluding that a § 4A1.3 upward departure was warranted.

For these reasons, the Court should vacate Hutchison's sentence and remand for resentencing within the Guidelines range. *See, e.g.*, *United States v. Irey*, 612 F.3d 1160, 1224-25 (11th Cir. 2010) (en banc) (vacating a non-Guidelines sentencing as substantively unreasonable and remanding for "resentenc[ing] within the guidelines range").

## **CONCLUSION**

For the reasons stated above, this Court should vacate Hutchison's sentence and remand for resentencing within the Guidelines range.

8

## **REQUEST FOR ORAL ARGUMENT**

Hutchison respectfully requests oral argument and submits that such argument will aid the Court in deciding the issues presented in this appeal.

DATED this 25th day June, 2013.

                Respectfully submitted,

                Henderson Hill
                Executive Director
                FEDERAL DEFENDERS OF
                      WESTERN NORTH CAROLINA, INC.

                <u>/s/ Joshua B. Carpenter</u>
                Appellate Attorney
                FEDERAL DEFENDERS OF
                      WESTERN NORTH CAROLINA, INC.
                One Page Avenue, Suite 210
                Asheville, North Carolina 28801
                (828) 232-9992

                *Counsel for Appellant*

## **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*1,498*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Century Schoolbook*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: June 25, 2013                    /s/ Joshua B. Carpenter
                                        *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 25th day of June, 2013, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Amy E. Ray
>OFFICE OF THE U.S. ATTORNEY
>100 Otis Street, Room 233
>Asheville, North Carolina  28801
>(828) 271-4661
>
>*Counsel for Appellee*

I further certify that on this 25th day of June, 2013, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and an electronic copy on CD of the sealed volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Joshua B. Carpenter
*Counsel for Appellant*
