RECORD NO. 13-4250

In The

# United States Court of Appeals

## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## DIANE CONWAY HUTCHISON,

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE**

———————

## REPLY BRIEF OF APPELLANT

———————

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**

**Joshua B. Carpenter**
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**
**One Page Avenue, Suite 210**
**Asheville, North Carolina  28801**
**(828) 232-9992**

*Counsel for Appellant*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................ii

ARGUMENT .......................................................................................... 1

    I.    The District Court Committed Procedural Error Under
        *Lynn* ...................................................................................... 1

    II.   Alternatively, The District Court's Upward Departure
        Was Substantively Unreasonable .......................................... 7

CONCLUSION ...................................................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page(s)**</u>

<u>**CASES**</u>

*Gall v. United States,*
    552 U.S. 38 (2007) .............................................................................. 6

*Rita v. United States,*
    551 U.S. 338 (2007) ........................................................................... 3

*United States v. Ausburn,*
    502 F.3d 313 (3d Cir. 2007) ........................................................... 2, 4

*United States v. Irey,*
    612 F.3d 1160 (11th Cir. 2010) ........................................................ 8

*United States v. Lente,*
    647 F.3d 1021 (10th Cir. 2011) ........................................................ 2

*United States v. Lynn,*
    592 F.3d 572 (4th Cir. 2010) .................................................. *passim*

*United States v. Medel-Moran,*
    422 Fed. Appx. 262 (4th Cir. 2011)................................................. 3

*United States v. Pinson,*
    542 F.3d 822 (10th Cir. 2008) ........................................................ 2

*United States v. Robertson,*
    662 F.3d 871 (7th Cir. 2011) .......................................................... 2

*United States v. Taylor,*
    371 Fed. Appx. 375 (4th Cir. 2010).................................................. 3

**<u>STATUTE</u>**

18 U.S.C. § 3553(a) ...................................................................................... 7

**<u>GUIDELINE</u>**

U.S.S.G. § 4A1.3 ............................................................... *passim*

## ARGUMENT

The district court based its upward departure in Diane Hutchison's case on a single premise:  that Hutchison's seven prior embezzlement convictions showed she had been given "repeated opportunities" to rehabilitate herself, but "did not get the message."  JA 71.  That premise was fatally flawed, for Hutchison's prior convictions were based on a single course of conduct that ended four years before any charges were brought—which means that she did not, in fact, have "repeated opportunities" to rehabilitate herself after each of the convictions.

The district court did not respond to Hutchison's argument on this point, which renders her sentence procedurally unreasonable under this Court's decision in *United States v. Lynn*, 592 F.3d 572, 585 (4th Cir. 2010).  And because the factual premise for the upward departure was erroneous, Hutchison's sentence was also substantively reasonable.

## I.    The District Court Committed Procedural Error Under *Lynn*.

The district court failed to address one of Hutchison's key sentencing arguments:  that a § 4A1.3 departure was inappropriate because her seven prior embezzlement convictions arose from a single

1

course of conduct and were sentenced simultaneously, meaning that she

had only one opportunity for rehabilitation, not seven. *See* Hutchison's

Op. Br. at 6-7.

The court's failure to address this argument constitutes

procedural error under *United States v. Lynn*, 592 F.3d 572 (4th Cir.

2010). In *Lynn*, this Court recognized that a district court's failure to

address a defendant's "nonfrivolous reason" for a lower sentence is a

procedural error that requires resentencing. *Lynn*, 592 F.3d at 581-82

(ordering resentencing of defendant Tucker on this basis). This

principle is widely recognized in the other circuit courts[1] and is

---

[1]     *E.g.*, *United States v. Lente*, 647 F.3d 1021, 1035 (10th Cir. 2011)
(finding reversible procedural error where sentencing court failed to
"address, in its statement of reasons, the material, non-frivolous
arguments made by the defendant") (quoting *United States v. Pinson*,
542 F.3d 822, 833 (10th Cir. 2008); *United States v. Robertson*, 662 F.3d
871, 879-80 (7th Cir. 2011) (finding reversible procedural error where it
was "not apparent from the sentencing transcript" that the district
court had properly considered each of the defendant's "non-frivolous
arguments in favor of mitigation"); *United States v. Ausburn*, 502 F.3d
313, 329 (3d Cir. 2007) (finding reversible procedural error where court
did not "acknowledge and respond to" the defendant's mitigation
argument).

2

regularly applied by this Court.[2]  *See also Rita v. United States*, 551
U.S. 338, 357 (2007) ("Where the defendant or prosecutor presents
nonfrivolous reasons for imposing a different sentence, however, the
judge will normally go further and explain why he has rejected those
arguments.").

The government's arguments that the district court did not
commit procedural error cannot be squared with *Lynn* and should
therefore be rejected.

First, the government argues that the district court did not
commit procedural error because it "provided a lengthy and
individualized explanation supporting its chosen sentence."  Gov't Br. at
13.  But that fact alone is not dispositive.  To be procedurally reasonable
under *Lynn* and cases like it, a district court must address each of a
defendant's nonfrivolous arguments.  The Third Circuit, for example,
has stated that one "concrete requirement" of procedural

---

[2]    *E.g. United States v. Medel-Moran*, 422 Fed. Appx. 262 (4th Cir.
2011) (unpublished) (finding reversible procedural error where
sentencing transcript did not establish that district court had
"considered the defendant's nonfrivolous arguments prior to sentencing
him") (quoting *Lynn*, 592 F.3d at 585); *United States v. Taylor*, 371 Fed.
Appx. 375 (4th Cir. 2010) (finding reversible procedural error where the
district court failed to address "the non-spurious bases identified in
detail by counsel for a variance sentence").

reasonableness is that the district court "must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). Failure to comply with this "concrete requirement" is procedural error, regardless of how lengthy or individualized the remainder of the sentencing explanation is.

Second, the government argues that the district court did not commit procedural error because its sentencing explanation was sufficient to permit "meaningful appellate review." Gov't Br. at 14. That argument is also misplaced. Like the government's first argument, it addresses the wrong procedural-reasonableness inquiry and ignores the district court's responsibility under *Lynn* to address each of a defendant's nonfrivolous sentencing arguments.

Third, the government claims that it "is simply not accurate" to say that the district court failed to address Hutchison's arguments against a § 4A1.3 departure. Gov't Br. at 15-16. Relatedly, the government argues that the district court explained "its conclusion that [Hutchison's] criminal history was under-represented" in a manner that satisfies *Lynn*. Gov't Br. 16-18. In making this argument, the

4

government relies heavily on the district court's "acknowledg[ment] that the PSR's calculation of . . . a criminal history category I was accurate." Gov't Br. at 15.

The government's argument misses the point: Everyone agrees that the calculation of the criminal history category was correct. The mere fact that the district court "acknowledged" the correctness of the criminal history score in no way suggests that it addressed Hutchison's argument on the separate issue contested at sentencing: whether an upward departure was necessary under § 4A1.3. On that point, the court reasoned that a departure was warranted because Hutchison had recidivated despite "repeated opportunities" for rehabilitation. JA 71. In doing so, the court neither acknowledged nor responded to Hutchison's contention that, because her prior embezzlement offenses were charged four years after the offense and sentenced simultaneously, she had received only one opportunity to rehabilitate, not seven.

The court's failure to address Hutchison's argument requires reversal under *Lynn*. There, this Court reasoned that "[t]he district court's *explicit* consideration of Tucker's arguments for a lower sentence might have convinced the court to impose such a sentence." 592 F.3d at

582 (emphasis added). Similarly, here, if the district court had explicitly acknowledged and considered Hutchison's argument, it may have realized that its rationale for an upward departure—the "repeated opportunities" mantra—was factually flawed. *See Gall v. United States*, 552 U.S. 38, 51 (observing that a district court would commit "significant procedural error" by "selecting a sentence based on clearly erroneous facts").

Finally, the government argues that any procedural error was harmless because, in its view, Hutchison's argument is "relatively weak." Gov't Br. at 18-19. Once again, the logic of *Lynn* undermines the government's argument. As explained above, *Lynn* requires a district court to explicitly consider mitigating arguments precisely because doing so might persuade the court to accept the argument and impose a lower sentence. 592 F.3d at 582. That rationale is especially powerful here because the argument not explicitly considered—that Hutchison had only one chance for rehabilitation, not seven—directly undercuts the key premise of the district court's rationale for departing upward.

In these circumstances, this Court cannot be assured that the district court would have imposed the same sentence if it had fully considered Hutchison's argument. As a result, the error is not harmless and resentencing is required.

## II.    Alternatively, The District Court's Upward Departure Was Substantively Unreasonable.

Even if the district court did not commit procedural error, its upward departure was substantively unreasonable.

The government first defends the substantive reasonableness of the § 4A1.3 departure by quoting the district court's assertion that Hutchison had "repeated opportunities, [but] simply did not get the message." Gov't Br. at 20-21. For the reasons discussed above, that premise is flawed as a matter of fact and therefore cannot serve as the foundation for an upward departure.

As an alternative, the government argues that the sentence "was justified by the district court's sound and reasonable reliance on several of the § 3553(a) factors." Gov't Br. at 21. But that argument also fails, and for a simple reason: The district court itself did not rely on the § 3553(a) factors to justify an above-guidelines sentence; instead, the

court made clear that its sentence was based on an upward departure under § 4A1.3.  JA 71-72.

For that reason, this Court should find that Hutchison's sentence is substantively unreasonable and order that she be sentenced within the applicable guidelines range.  *See*, *e.g.*, *United States v. Irey*, 612 F.3d 1160, 1224-25 (11th Cir. 2010) (en banc) (vacating a non-guidelines sentencing as substantively unreasonable and remanding for "resentenc[ing] within the guidelines range").

## <u>CONCLUSION</u>

For the reasons stated above and in her opening brief, this Court should vacate Hutchison's sentence and remand for resentencing within the guidelines range.

Respectfully submitted,

Henderson Hill
Executive Director
FEDERAL DEFENDERS OF
    WESTERN NORTH CAROLINA, INC.

/s/ Joshua B. Carpenter
Appellate Attorney
FEDERAL DEFENDERS OF
    WESTERN NORTH CAROLINA, INC.
One Page Avenue, Suite 210
Asheville, North Carolina  28801
(828) 232-9992

*Counsel for Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*1,446*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Century Schoolbook*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>August 20, 2013</u>          <u>/s/ Joshua B. Carpenter</u>
                                        *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 20th day of August, 2013, I caused

this Reply Brief of Appellant to be filed electronically with the Clerk of

the Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina  28801
> (828) 271-4661
>
> Melissa L. Rikard
> OFFICE OF THE U.S. ATTORNEY
> 227 West Trade Street, Suite 1650
> Charlotte, North Carolina  28202
> (704) 344-6222
>
> *Counsel for Appellee*

I further certify that on this 20th day of August, 2013, I caused

the required copies of the Reply Brief of Appellant to be hand filed with

the Clerk of the Court.

> /s/ Joshua B. Carpenter
> *Counsel for Appellant*